| STATE OF SOUTH CAROLINA | ) | 2013CV1010601404 |
|---|---|---|
| COUNTY OF CHARLESTON | ) | CIVIL CASE NUMBER |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | SUMMONS |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278

**PLAINTIFF(S)**

Vs

| | | AGENT |
|---|---|---|
| Lifewatch, Inc | Evan Sirlin, Indiv. | SC Secretary of State |
| 266 Merrick Road | 1344 Huckleberry Lane | 1205 Pendleton St. Suite 525 |
| Lynbrook, NY 11563 | Hewlett, NY 11557 | Columbia, SC 29201 |

**DEFENDANT(S)**

TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY days from the first day after receipt of this Summons. Your Answer must be received by the:

**Charleston County**
**Small Claims - City**
**995 Morrison Drive P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720 Fax: (843) 724-6785**

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for the amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a jury trial, you must request one within five (5) business days before the date of trial.** If no jury trial is timely requested, the matter will be heard and decided by the Judge.

# READ ATTACHED INSTRUCTIONS CAREFULLY

November 18, 2013

MV 38

STATE OF SOUTH CAROLINA   )   CASE NO.: 2013CV1010601404
                          )
COUNTY OF CHARLESTON      )
                          )
MARK FITZHENRY,           )
     Plaintiff,           )
                          )
vs.                       ) VERIFIED COMPLAINT
                          )
LIFEWATCH INC.,           )
EVAN SIRLIN, Individually,)
And JOHN DOE,             )
     Defendants.          )
_____)

**ADDRESS FOR REGISTERED AGENT OF DEFENDANT LIFEWATCH INC.,:**

Pursuant to S.C. Code Ann. § 15-9-245;
South Carolina Secretary of State
1205 Pendleton St., Ste. 525
Columbia, SC 29201

FILED IN CHARLESTON COUNTY
NOV 18 2013
CITY SMALL CLAIMS COURT

Refer to:   LIFEWATCH INC.
            C/O EVAN SIRLIN
            266 MERRICK ROAD
            Lynbrook, New York 11563

**ADDRESS FOR DEFENDANT EVAN SIRLIN, Individually:**

Evan Sirlin
1344 Huckleberry Lane
Hewlett, New York 11557

**ADDRESS FOR DEFENDANT JOHN DOE, A PERSON WHOSE TRUE IDENTITY IS UNKNOWN:**

Unknown.

Plaintiff complaining of the Defendants alleges as follows:

## TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty.

## PARTIES

2. Plaintiff has residential phone service in Charleston County and the statutory violations and injury to Plaintiff occurred in Charleston County.

3. Defendant LIFEWATCH INC., is a New York corporation that conducts and transacts business in Charleston County.

4. Defendant LIFEWATCH INC., is not registered with the South Carolina Secretary of State.

5. Defendant LIFEWATCH INC., is registered in the State of New York as a for profit corporation.

6. Defendant EVAN SIRLIN, Individually, is a New York resident who allows illegal telemarketing to be conducted on his behalf and transacts business in Charleston County.

7. Defendant EVAN SIRLIN, Individually, has failed to take effective steps to curtail the illegal telemarketing done on his behalf.

8. Defendant JOHN DOE, whose true identity is unknown, conducts and transacts telemarketing business in Charleston County anonymously and on behalf of himself and Defendants LIFEWATCH INC., and EVAN SIRLIN.

## VENUE AND JURISDICTION

9. The Telephone Consumer Protection Act ("the TCPA or "the Act") consists of 47 U.S.C. § 227 as amended and the FCC's implementing rules (see generally 47 C.F.R. Part 64 Subpart 1200 and Part 318). The TCPA places conduct, record keeping, and disclosure requirements on entities engaged in telephone solicitations and facsimile transmissions, and it provides a private right of action by a consumer in State court in response to violations of the TCPA's regulations.

10. This cause of action arises out of conduct of Defendants initiating telephone call(s) to Plaintiff, to his residential telephone line in Charleston County.

11. Venue and jurisdiction are proper in this Court pursuant to 47 USC § 227, the Constitution and Laws of the state of South Carolina and United States as they may apply

## ACTS OF AGENTS

12. Whenever it is alleged in this complaint that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent or entities performed or participated in the act on behalf of, for the benefit of, and/or under the authority of the Defendants.

## DEFENDANTS' USE OF PRERECORDED TELEPHONE MESSAGES

13. Defendants use, directly and/or by their agents or other entities acting on Defendants' behalf and for Defendants' benefit, one or more devices that call residential telephone subscribers and deliver messages using a prerecorded or artificial voice.

14. Defendants directly and/or by their agents or other entities acting on Defendants' behalf and for Defendants' benefit, did initiate the telephone call(s) alleged herein with a device that delivered messages using a prerecorded or artificial voice.

15. Defendants directly and/or by their agents or other entities, are aware of this device's designed operation and/or have knowledge that calls were being made using an artificial or prerecorded voice to deliver messages.

16. Defendants directly and/or by their agents or other entities acting on Defendants' behalf and for Defendants' benefit, can exercise control over the content of the messages delivered by the artificial or prerecorded voice.

17. Defendants directly and/or by their agents or other entities, can exercise control over the people who make the calls that deliver messages by artificial or prerecorded voice.

18. Defendants and/or their agents or the other entities acting on their behalf, did not properly identity themselves in the body of the call as required by law.

19. Defendants and/or their agents or the other entities acting on their behalf, did not properly identify themselves by delivering with the call true and accurate caller-ID information as required by law.

## TELEPHONE CALL(S) MADE TO PLAINTIFF

## THE CALL

20. At all times relevant, Plaintiff had residential phone service at (843) 763-1013.

21. On or about September 27, 2013, a telephone call ("THE CALL") was initiated to the Plaintiff's residential telephone line by or on behalf of the Defendants.

22. "THE CALL" consisted of a prerecorded message.

23. The caller identification information did not include the true name and/or identification of the party that placed the call as required by law.

24. The purpose of THE CALL was, among other things, to deliver a telephone message to the called party on behalf of and for the benefit of Defendant LIFEWATCH INC.

25. In THE CALL described herein, Defendants willfully and/or knowingly initiated the call and intended to deliver an unsolicited recorded message of solicitation to the called party.

26. Plaintiff has preserved evidence of THE CALL.

### FIRST CAUSE OF ACTION - 47 U.S.C. 227 (b) (1) (B)

27. Paragraphs 1 through 26 are restated as if set forth herein.

28. Defendants did initiate ONE (1) telephone call(s), to Plaintiff's telephone using an device designed to deliver an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (1)

29. Paragraphs 1 through 28 are restated as if set forth herein.

30. The recorded messages in THE CALL did not fulfill the requirements of 47 C.F.R. 64.1200 (b) (1) in that during or after the message, state clearly the identity of such individual, business, or other entity making the call.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (2)

31. Paragraphs 1 through 30 are restated as if set forth herein.

32. The recorded message in THE CALL did not fulfill the requirements of 47 C.F.R. 64.1200 (b) (2) in that during or after the message, state clearly the telephone number of such individual, business, or other entity making the call.

### Willful or Knowing Violations

33. Defendants' actions, as described in paragraphs 28, 30, and 32 manifest ONE knowing and/or willful actions in violation of 47 U.S.C. 227 within the meaning of the 1934 Communications Act and the Federal Communications Commission.

### PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

35. For the statutory damages of $500 per violation, to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' violations of that TCPA and;

36. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of Defendants' willful and/or knowing violations of that TCPA listed in paragraph 33 above; and

4

37. For unspecified punitive damages in an amount to be determined by this Court.

38. For such other and further relief as the Court may deem just and proper.

39. Plaintiff waives the excess of any award above the jurisdiction of the Court in effect at the time at the time judgment is rendered.

Respectfully submitted,
The 18th day of November, 2013.

*[signature]*
Mark Fitzhenry
Plaintiff, *Pro Se*
10 Brigadier Drive
Charleston, SC 29407

## VERIFICATION

The undersigned states and swears that all the forgoing allegations are true and correct to the best of his knowledge and belief.

*[signature]*
Mark Fitzhenry

Subscribed and sworn to before me by Mark Fitzhenry on this the 18th day of November, 2013.

*[signature]*
Notary Public for South Carolina
My commission expires on _____ My Commission Expires on July 24, 2022

*[Notary seal: SARAH M CALEJO, NOTARY PUBLIC, SOUTH CAROLINA]*

5

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | 2013CV1010601404 |
| | ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON | ) | |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | |
| | ) | ANSWER |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278
**PLAINTIFF(S)**

Vs

| | | AGENT |
|---|---|---|
| Lifewatch, Inc | Evan Sirlin, Indiv. | SC Secretay Of State |
| 266 Merrick Road | 1344 Huckleberry Lane | 1205 Pendleton St. Suite 525 |
| Lynbrook, NY 11563 | Hewlett, NY 11557 | Colmubia, SC 29201 |

**DEFENDANT(S)**

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court,** is as follows:

CHECK ONE:

 A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____

 B. ☐ I admit everything in the complaint and do not want a trial.

 C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____

_____

 D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)

_____

## YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER**

PLEASE RETURN TO:

Small Claims - City
995 Morrison Drive, P. O. Box 941
Charleston, SC 29403
Phone: (843) 724-6720

MV 2

# CHARLESTON COUNTY SMALL CLAIMS COURT
## INSTRUCTION SHEET

**ADDRESS:** POST OFFICE BOX 941, 29402     995 MORRISON DRIVE, CHARLESTON, SC 29403

**PHONE:** SMALL CLAIMS COURT DOWNTOWN     CALL (843) 724-6720

**HOURS:** 8:30 AM–4:30 PM Monday through Friday

**FILING:** The filing and service of process fee is $80.00. There is an additional $10.00 charge for each additional defendant with a different address. The complaint and any attachments must be filed in DUPLICATE. The original for the Court, a copy for each Defendant(s). Please provide the court with a clear and accurate legal name and street address for the defendant, so that the summons and complaint can be served without delay. Route and box numbers are not acceptable. If filing against a business, determine whether or not the business is incorporated or privately owned. If privately owned, list owner's full legal name. If incorporated, list agent's name and address for service of process. If filing to collect an account or note, include duplicate copies of the statement of account, invoices, or note to verify the amount due and have your signature notarized. The jurisdictional limit in this court is $7,500.00.

**SUMMONS:** The Small Claims Court issues a summons when the complaint is filed and the summons requires the defendant to answer the complaint within thirty (30) days after the date of service. The defendant must answer in writing and a clerk is available at the Small Claims Office to assist a party if needed.

If the defendant has a claim against the plaintiff arising from the same facts, the defendant may file a counterclaim in writing with the court at the same time the answer is filed.

**DEFAULT:** If the defendant does not answer within thirty (30) days after service of the summons and complaint, a judgment by default may be entered against the defendant.

**HEARING:** The Court will schedule a hearing at the time the defendant files an answer. The parties must appear with any witnesses and evidence that are necessary to prove their cases. A WRITTEN, NOTARIZED, OUT OF COURT STATEMENT FROM A WITNESS CANNOT BE USED AS EVIDENCE. A WITNESS MUST APPEAR IN PERSON IN COURT TO TESTIFY. There is a charge of $8.00 per subpoena if issued by the court.

**JURY TRIAL:** Either party has the right to request a jury trial and it must be submitted in writing at least five (5) working days prior to the date of the hearing.

**JUDGMENTS:** A Transcript of Judgment will be issued with specific instructions about the enforcement of the Judgment. It may be recorded immediately at the Clerk of Court's Office. The Execution Against Property Order may be filed with the Charleston County Sheriffs Office thirty (30) days after notice of judgment. The recorded judgment will remain valid and enforceable for a period of ten (10) years and accrues interest at the rate of 12% from the date of judgment. When the judgment is satisfied, the plaintiff must notify the Clerk of Court's Office so that the judgment will be recorded as satisfied.

**POST TRIAL:** A Motion for a New Trial must be received by this court in writing within five (5) days after notice of the judgment.

**APPEALS:** An appeal must be filed in writing within thirty (30) days from the notification of the judgment date. There is a $150.00 filing fee and it must be filed with the Court of Common Pleas. The notice of appeal must be personally served on this court and on the opposing party within the same thirty (30) days.

R-02/04