# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Mark Fitzhenry,** ) | Civil Action No. 2:13-3508-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Lifewatch, Inc., Evan Sirlin and** ) | |
| **John Doe, Individually,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action was originally filed by the Plaintiff, pro se, in South Carolina State Court,

Charleston County, and was removed to this Court by the Defendants pursuant to 28 U.S.C. § 1331,

on the grounds that Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C.

§ 227, and related regulations imposed pursuant to that statute.  On April 4, 2014, the Defendant

Evan Sirlin filed a motion to be dismissed as a party Defendant on the grounds that this Court does

not have jurisdiction over him.  As the Plaintiff is proceeding pro se, a Roseboro Order was entered

by the Court on April 7, 2014, advising Plaintiff of the importance of a dispositive motion and of the

need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to file

a properly supported response, the Defendant's motion may be granted.

After receiving an extension of time to respond, a status conference was held on May

14, 2014 which was attended by the pro se Plaintiff and counsel for the Defendants.  At the

conclusion of this status conference, Plaintiff was granted ten (10) days from his receipt of specified

discovery responses to respond to the motion to dismiss.  That deadline expired, with no response



in opposition having been filed. However, in consideration of Plaintiff's <u>pro se</u> status, the Court granted Plaintiff an additional ten (10) days to file his response, but he was specifically placed on notice that if he failed to respond, the Defendant's motion would be granted. <u>See</u> Court Docket No. 48. Following entry of that Order, yet another extension to respond was granted. <u>See</u> Court Docket No. 51. However, that period of time has now also expired, and, notwithstanding the specific warning and instructions as set forth in the Court's <u>Roseboro</u> order and having been granted multiple extensions, the Plaintiff has failed to respond to the motion.

Based on the foregoing, it is recommended that the Defendant's motion be **granted** and that the Defendant Evan Sirlin be **dismissed** as a party Defendant in this case. <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert.</u> denied <u>sub</u> <u>nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning]; <u>see</u> <u>Simpson v. Welch</u>, 900 F.2d 33, 35-36 (4th Cir.1990); <u>see</u> <u>also</u> <u>Ballard</u>, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 4, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

